**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-1719
_____

OSCAR LOPEZ,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A097-433-631)
Immigration Judge: Honorable Eugene Pugliese

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 5, 2010
Before: MCKEE, HARDIMAN and COWEN, *Circuit Judges*

(Opinion filed: June 8, 2010)
_____

OPINION
_____

PER CURIAM

Oscar Lopez petitions for review of the Board of Immigration Appeals' ("BIA")

final order of removal.  For the following reasons, we will deny his petition.

I.

Lopez is a native and citizen of Guatemala.  On October 3, 1998, Lopez was

detained while attempting to enter the United States at San Ysidro, California. At his interview with an immigration inspector the next day, Lopez was questioned as follows:

> Q. When did you enter the United States?
> A. Yesterday
> Q. How did you attempt to enter the United States?
> A. Walking through the line
> Q. How did you present yourself for inspection?
> A. Like all my friends, I said U.S.
> Q. Are you a United States citizen?
> A. No.

(A.R. 158.) After admitting that he was not a United States citizen, Lopez claimed that he was instead a Mexican citizen. Based on this information, immigration authorities found that Lopez had made a false claim to United States citizenship, *see* 8 U.S.C. § 1182(a)(6)(C)(ii), and ordered him immediately removed to Mexico. The removal order indicated that Lopez was not permitted to return to the United States for at least five years. Despite this instruction, Lopez soon re-entered the country unlawfully.

In 2003, Lopez submitted an application to adjust his status on the ground that he was the beneficiary of an approved I-130 petition filed by his father, who is a lawful permanent resident. *See* INA § 245(i) [8 U.S.C. § 1255(I)]. The Department of Homeland Security (DHS) denied the application, finding that he was inadmissible for: (1) having made a false claim to United States citizenship; and (2) re-entering the country in violation of his removal order. DHS informed Lopez that he was required to leave the United States and that removal proceedings would be instituted against him if he failed to do so. Lopez did not depart.

Accordingly, in March 2006, DHS served Lopez with a Notice to Appear charging him with removability: (1) as an alien present in the United States without admission or parole under INA § 212(a)(6)(A)(i) [8 U.S.C. § 1182(a)(6)(A)(i)]; (2) for having made a false claim of United States citizenship under INA § 212(a)(6)(C)(ii) [8 U.S.C. § 1182(a)(6)(C)(ii)]; and (3) as an alien ordered removed who re-entered without admission under INA § 212(a)(9)(C)(i)(II) [8 U.S.C. § 1182(a)(9)(C)(i)(II)]. In May 2007, Lopez appeared before an Immigration Judge (IJ) and, through counsel, admitted the first charge, but denied the second and third charges. Lopez also renewed his request for adjustment of status.

A removal hearing was scheduled for February 5, 2008. Before the hearing, on December 31, 2007, the government filed a number of documents with the immigration court, including a copy of Lopez's October 4, 1998 interview with the immigration inspector at San Ysidro. In response, Lopez filed a motion for a continuance, claiming that, in light of the "new" evidence against him, he needed additional time to seek a waiver of inadmissibility. The IJ denied the motion and the hearing took place as scheduled on February 5, 2008.

At the hearing, Lopez denied having represented himself as a United States citizen when he attempted to enter the country in October 1998. Lopez testified that, when he arrived at the border, he chose to join a line of people who did not have to present any documents to the authorities in order to get through. He claimed that he did not speak

3

English and did not understand what the immigration officer said to him before he was pulled from the line. Lopez claimed that he also failed to understand the inspector's questions the following day, and did not mean to state that he had intentionally misrepresented himself as a United States citizen.

After the hearing, the IJ found that Lopez's testimony was not credible and that he had falsely represented himself as a United States citizen in violation of INA § 237(a)(3)(D) [8 U.S.C. § 1227(a)(3)(D)]. Therefore, the IJ denied his application for adjustment of status. *See* 8 U.S.C. § 1182(a)(6)(C)(ii)(I) (barring admission of "any alien who falsely represents, or has falsely represented, himself or herself to be a citizen of the United States for any purpose or benefit under this Act"). With respect to the motion for a continuance, the IJ explained that Lopez had plenty of time to prepare a defense to the government's charge that he had made a false claim to United States citizenship, as that charge was initially lodged against him as early as 1998. The IJ further found that there were no waivers available to Lopez for this particular ground of inadmissibility. Upon review, the BIA affirmed the IJ's decision. Lopez now petitions for review of the BIA's order.

II.

A.    Motion for a Continuance

Lopez first argues that the IJ abused his discretion, and violated Lopez's due process rights, when he denied Lopez's motion for a continuance. As noted above, Lopez

4

argued in his motion that he needed additional time in order to file an application for a waiver of inadmissibility under INA § 212. Lopez claimed that he had not realized that it would be necessary to seek such relief until he reviewed the documents that the government had filed two weeks earlier in support of its case. Lopez also noted that "[t]he causal statement made by [him] at the time of entry should not be considered a 'false claim to citizenship' and that issue, if disputed, will require briefing." (AR 000251.)

We review the denial of a motion for a continuance for an abuse of discretion, and will reverse the agency's decision only if it is arbitrary, irrational, or contrary to law. *See Khan v. Att'y Gen.*, 448 F.3d 226, 233 (3d Cir. 2006). Under the applicable regulations, an IJ has the discretion to grant a continuance if there is "good cause shown." 8 C.F.R. § 1003.29. We exercise plenary review over procedural due process claims. *Singh v. Gonzales*, 432 F.3d 533, 541 (3d Cir. 2006).

Upon review of the record, we agree with the BIA that the IJ acted within his discretion in denying Lopez a continuance. As the BIA explained, the Notice to Appear issued in 2006—as well as the denial of his first application to adjust his status in 2005—clearly informed Lopez that he was being charged with removability for, *inter alia*, having made a false claim of United States citizenship under INA § 212(a)(6)(C)(ii) [8 U.S.C. § 1182(a)(6)(C)(ii)]. We see no reason why Lopez should not have been able to

prepare his defense in a timely manner.[1]  Furthermore, given that, as the IJ correctly

noted, there were no waivers available to Lopez for this particular ground of

inadmissibility, we fail to see how delaying the proceedings would have affected the

outcome of his case.

We also reject Lopez's due process argument, as we have carefully reviewed the

record and conclude that he was provided with a full and fair hearing, and, as discussed

above, a  reasonable opportunity to present evidence.  *See Singh v. Gonzales*, 432 F.3d

533, 541 (3d Cir. 2006).

B.      Application for Adjustment of Status

Lopez next argues that the IJ and BIA erred in finding that he was inadmissible

under § 1182(a)(6)(C)(ii)(I) because, he contends, the record did not sufficiently

demonstrate that he had falsely claimed to be a United States citizen when he attempted to

enter the country in October 1998.  According to Lopez, the only evidence suggesting that

he purposefully misrepresented himself as a United States citizen is his ambiguous

statement to the immigration inspector that he had "said U.S." when asked how he

"present[ed himself] for inspection."  Lopez now argues that this statement is subject to

---

[1] In support of his argument that he needed additional time to prepare for the
merits hearing, Lopez claims that he did not have a copy of his first application for
adjustment of status or the exhibits pertaining to his 1998 expedited removal proceedings
until the government submitted them to the immigration court on December 31, 2007.  He
does not, however, explain why the one-month period between the government's
submission and his removal hearing was insufficient.

varying interpretations—"[i]t is just as likely that [he] . . . meant that he had said 'U.S.' to the border control officer in as far as where he was going." (Br. 33–34.)

We have jurisdiction to review a final order of removal under 8 U.S.C. § 1252(a)(1). When, as in this case, the BIA substantially relies on the findings of the IJ, we review the decisions of both the BIA and the IJ. *See Xie v. Ashcroft*, 359 F.3d 239, 242 (3d Cir. 2004). We review these findings, including any credibility determinations, under a substantial evidence standard. *See Cao v. Att'y Gen.*, 407 F.3d 146, 152 (3d Cir. 2005). An adverse credibility finding must be upheld unless "any reasonable adjudicator would be compelled to conclude to the contrary." *Berishaj v. Ashcroft*, 378 F.3d 314, 322 (3d Cir. 2004) (quoting 8 U.S.C. § 1252(b)(4)(B)). We exercise plenary review over Lopez's challenge to the agency's determination that he was statutory ineligible for adjustment of status. *See Pinho v. Gonzales*, 432 F.3d 193, 204 (3d Cir. 2005).

Upon review, we conclude that substantial evidence supports the BIA's determination that Lopez made a false claim to citizenship. Although Lopez's account of the alleged miscommunication is certainly plausible, he has not shown that any reasonable adjudicator would be compelled to reject the IJ's adverse credibility determination. Accordingly, because substantial evidence supports the IJ's determination that Lopez was inadmissible for permanent residence, the IJ and BIA correctly concluded that he was therefore ineligible for adjustment of status.

We have reviewed Lopez's remaining arguments and conclude that they are

7

without merit.  Accordingly, we will deny the petition for review.